UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SHANTRELL EDWARDS,

       Defendant.

Case No. 18-cr-20151
Hon. Matthew F. Leitman

_____/

**ORDER TO SUPPLEMENT MOTION
FOR COMPASSIONATE RELEASE (ECF No. 401)**

Defendant Shantrell Edwards is federal prisoner who is currently incarcerated at FCI Hazelton in Preston County, West Virginia. On September 5, 2018, Edwards pleaded guilty in this Court to one count of wire fraud conspiracy in violation of 18 U.S.C. § 1349. (*See* Rule 11 Plea Agmt., ECF No. 225.) The Court subsequently sentenced Edwards to 44 months imprisonment. (*See* Judgment, ECF No. 315.)

On September 4, 2020, Edwards filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 401.) Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Edwards has not given the Court enough information to determine whether she has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Edwards to file a supplement to her motion that informs the Court whether she has submitted a written request for compassionate release to the warden at FCI Hazelton. If Edwards has submitted a written request for compassionate release to the warden at FCI Hazelton, then Edwards shall also inform the Court of the date on which she submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Edwards has not submitted a request for compassionate release to the warden, or (2) Edwards has submitted such a request but 30 days have not lapsed since the warden received his request, then the Court will dismiss her current motion (ECF No. 401) without prejudice. In that event, Edwards would be permitted to file a motion seeking compassionate release upon exhausting her remedies with the warden.

Additionally, Edwards has not given the Court enough information to determine whether she is otherwise qualified for compassionate release.

Accordingly, the Court **DIRECTS** Edwards to use her supplement to also inform the Court why she believes she qualifies for compassionate release.

    **IT IS SO ORDERED**.

                                                s/Matthew F. Leitman  
                                                MATTHEW F. LEITMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: September 14, 2020

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2020, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda  
                                                Case Manager  
                                                (810) 341-9761